

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 18, 2023

**BY ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: <u>United States v. Martin Handler, et al.</u>, 23 Cr. 004 (JHR)

Dear Judge Rearden:

  The Government respectfully submits this letter in opposition to the defendants' requests (ECF No. 22) of earlier today (a) for the return of cellphones seized incident to arrest, pursuant to Federal Rule of Criminal Procedure 41(g), and (b) for any search warrant application directed at the contents of those cellphones to be made on notice rather than *ex parte*. The defendants' requests lack any legal basis and should be denied, and the Government's search warrant application should be reviewed *ex parte* in a manner consistent with the well-established and routine practices of this District and Supreme Court precedent confirming that search warrant applications are appropriately considered *ex parte*.

  Consistent with the Court's order (ECF No. 27), the Government conferred with counsel this afternoon, and the parties could not reach a resolution of the defense motion.[1] The Government respectfully requests prompt resolution of the defendants' motion given that governing Second Circuit case law requires the Government to act promptly in obtaining a warrant for temporarily seized property. *See, e.g.*, *Smith*, 967 F.3d at 206 ("As we observed in *Martin*, "[i]n some circumstances eleven days might well constitute an unreasonable delay," and "we

---

[1] Prior to the Court issuing its order, the Government already had prepared a search warrant application for the devices, inquired with Chambers concerning the Court's desire to consider the search warrant application on its own or to refer the matter to the on-duty magistrate judge, and was instructed that the application was being referred to the on-duty magistrate judge. The Government subsequently submitted the application to the on-duty magistrate judge, who was prepared today to issue the requested search warrant. The Government wishes to proceed expeditiously to swear out the warrant, both to ensure compliance with *United States v. Smith*, 967 F.3d 198 (2d Cir. 2020), and to continue its ongoing investigation and produce discovery to the defendants. The Government believes there is no legal or prudential basis to delay obtaining this warrant, and the defendants have proffered none, but will continue to refrain from obtaining the warrant given that the Court this afternoon requested the parties confer and propose a briefing schedule.

would normally expect police officers to secure a search warrant in considerably less time than" eleven days." (quoting *United States v. Martin*, 157 F.3d 46, 54 (2d Cir. 1998))). Accordingly, the Government is filing its response today, and the defense has indicated that they are prepared to file a reply brief on Friday, January 20, 2023.

Neither of the defendants' asserted grounds for relief has merit.

*First*, the defendants have not demonstrated—nor can they demonstrate—that they are entitled to the return of cellphones seized incident to arrest. Rule 41(g) requires "[a] person aggrieved by an unlawful search and seizure of property" to "move for the property's return," and that the Court "receive evidence on any factual issue necessary to decide the motion." Aside from their own say-so, the defendants point to nothing unlawful about the seizure of their cellphones incident to arrest or any facts necessary to support the relief they seek.

It is beyond dispute that the search of a defendant's person is permissible incident to arrest so long as the search is "substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest." *United States v. Diaz*, 854 F.3d 197, 205 (2d Cir. 2017). *See also Riley v. California*, 573 U.S. 373, 382-83 (2014) (recognizing a search incident to an arrest as a "specific exception" to the Fourth Amendment's warrant requirement); *id.* at 382 ("Indeed, the label 'exception' is something of a misnomer in this context, as warrantless searches incident to arrest occur with far greater frequency than searches conducted pursuant to a warrant"). The defendants concede in the very first sentence of their motion that the cellphones at issue were "seized *at the time of the arrest*." (emphasis added). *A priori*, the Government's seizure of the cellphones was lawful.

Seizure of the cellphones, moreover, was independently supported by probable cause to believe the cellphones contained evidence of criminal activity. At the time the cellphones were seized there was probable cause to believe that those cellphones were used by each of the respective defendants and contained communications reflecting criminal activity. Having lawfully seized the cellphones based on this probable cause, the Government is permitted to retain them for a reasonable period of time pending issuance of a search warrant. *See United States v. Babiloni*a, 854 F.3d 163, 180 (2d Cir. 2017) (upholding warrantless, plain-view seizure of cellphones where agent knew defendant used cellular devices in furtherance of crimes, agent had probable cause to believe devices contained evidence of crimes, and devices were not searched until after warrant was obtained); *United States v. Henderson*, 439 F. App'x 56, 58-59 (2d Cir. 2011) (upholding inventory search where police retained cellphone). *See also Riley*, 573 at 388 (noting it was "sensible" for movants to "concede that officers could have seized and secured their cell phones to prevent destruction of evidence while seeking a warrant").

Put differently, "[i]f the police have probable cause to believe that the property contains contraband or evidence of a crime and if it is necessary to seize or secure the property immediately to prevent its destruction or disappearance, the Fourth Amendment allows the police to seize or secure the property without a warrant provided that they follow up by applying to a judge for a warrant to search the property's contents." *Smith*, 967 F.3d at 205. That is exactly what law enforcement did in seizing the cellphones, and absent the Court's order of earlier today the Government would have already obtained a search warrant authorizing the Government's search

of the contents of the cellphones for evidence in an ongoing investigation. Finally, as noted below, the defendants are not without a remedy: should the defendants wish to raise their argument that the seizure of their cellphones was improper, the appropriate time to do so is in a suppression motion, not prior to the issuance of such a warrant.

*Second*, the defendants fail in their alternative argument that, should their cellphones not be returned, any search warrant application be made on notice. At the threshold, the defendants cite no legal basis for the request, and the Government is aware of none. As the Second Circuit has recognized, "the competing interests at stake in connection with the issuance of warrants . . . confer no pre-issuance right to an adversarial hearing on any person." *United States v. Abuhamra*, 389 F.3d 309, 328 (2d Cir. 2004). That makes sense, because "[o]nce such orders are executed, … the *ex parte* submissions are generally unsealed—in the case of arrest and search warrants, usually immediately—and parties whose liberty or property interests are affected are afforded opportunities to challenge the legality of the actions." *Id*. (citing Federal Rules of Criminal Procedure 5.1(c) and 12(b)(4)).

Indeed, the Supreme Court has twice recognized that search warrant proceedings are appropriately convened *ex parte*, as is the routine and well-established practice. *See Franks v. Delaware*, 438 U.S. 154, 169 (1978) ("The pre-search proceeding is necessarily *ex parte*, since the subject of the search cannot be tipped off to the application for a warrant lest he destroy or remove evidence"); *United States v. United States Dist. Court*, 407 U.S. 297, 321 (1972) (a "warrant application involves no public *or adversary* proceeding" (emphasis added)). That recognition readily comports with "[h]istory and experience," which "indicate that proceedings to obtain search warrants traditionally involve <u>in camera</u> determinations of <u>ex parte</u> applications." *United States v. Cohen*, 366 F. Supp. 3d 612, 632 (S.D.N.Y. 2019) (underlining in original).

The defendants' remedy, should they believe the Government's search and seizure is unlawful, is limited to moving—after a search has concluded—to suppress the fruits of any search. For instance, under Rule 41(h), a litigant's opportunity to oppose the lawfulness of a search is reserved for motions to suppress made in criminal cases under Rule 12. *See* Fed. R. Crim. P. 41(h) (stating that a defendant "may move to suppress evidence in the court where the trial will occur, as Rule 12 provides"). But there is nothing in Rule 12 that permits the filing of a motion to tie the Government's hands *ex ante* or, as the defendants effectively request, to suppress evidence before it is obtained. The mere possibility of a future suppression motion is not a basis for the

Government's search warrant application to be on notice and for this Court to disregard the settled law and practice relating to *ex parte* search warrant applications.

Accordingly, for the reasons set forth above, the defendants' motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/_____
Mary E. Bracewell / Daniel H. Wolf
Assistant United States Attorneys
(212) 637-2218 / 2337

cc: Counsel of Record (*by ECF*)