UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v.-<br><br>MARTIN HANDLER, MENACHEM LIEBERMAN, HAROLD SCHWARTZ, ISIDORE HANDLER, and BEN WERCZBERGER,<br><br>        Defendants. | 23 Crim. 4 (JHR)<br><br>OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

Before the Court is the January 18, 2023 motion of Defendants Ben Werczberger, Menachem Lieberman, Martin Handler, and Isidore Handler,[1] seeking the return of cellphones seized at the time of their arrest on January 11, 2023.[2] ECF No. 25 (Defs.' Mot.). For the reasons set forth below, Defendants' motion is DENIED without prejudice.

## I. BACKGROUND

On January 4, 2023, a grand jury returned a sealed, seven-count indictment against Defendants in connection with their alleged "participat[ion] in schemes to corrupt government-funded daycares in New York City and to steal millions of dollars intended for low-income

---

[1] Defendant Harold Schwartz has not joined in the instant motion. For purposes of this motion, "Defendants" includes Defendants Werczberger, Lieberman, Martin Handler, and Isidore Handler, but not Defendant Schwartz.

[2] In addition to seeking the return of Defendants' seized cellphones, Defendants' motion also requests that any search warrant application directed at the contents of those phones be made "on notice and litigated in advance," rather than *ex parte*. ECF No. 20 (Presentment Tr.) at 25:2-12; Defs.' Mot. 1. Because the search warrant for each Defendant's cellphone has since been issued, Defendants' request is denied as moot. In any event, Defendants' request elides the long line of cases recognizing that search warrant proceedings are appropriately convened *ex parte*. *See, e.g.*, *United States v. U.S. Dist. Court*, 407 U.S. 297, 321 (1972) (a "warrant application involves no public or *adversary* proceedings" (emphasis added)).

families." ECF No. 2 (Indictment) ¶ 1. Law enforcement personnel executed warrants for Defendants' arrests on January 11, 2023, arresting each Defendant at his home.[3]

During the arrests, Defendants' cellphones were seized.[4] *See* Defs.' Mot. 1. Each phone was seized from the Defendant's person, either from his hand or from a pocket in his clothing. *See* Presentment Tr. at 19:12-15 (counsel for Martin Handler: "when [Handler] was arrested [law enforcement] asked him what he had on his person, he had a few items, and the government returned everything except his phone"); *id.* at 22:2-4 (counsel for Isidore Handler: "[Handler] was on the phone with the agent[s] [when they arrived to arrest him], they entered [and] took the phone out of his hand"); *id.* at 22:16-18 (counsel for Menachem Lieberman: "[A] phone was seized from [Lieberman] as well, [in] circumstances similar to Mr. Handler. He was outside of his house, [and] they took the phone[.]"); *id.* at 27:9-11 (counsel for Ben Werczberger: "Werczberger's phone . . . was seized from a pocket . . . at the time of his arrest"). At the time of these seizures, the Government had not applied for a warrant to search or seize Defendants' cellphones.

On January 18, 2023, Defendants filed the instant motion seeking the return of their cellphones pursuant to Federal Rule of Civil Procedure 41(g). The following day, the Government applied for a search warrant for Defendants' cellphones, which the on-duty

---

[3] Defendants do not contest the legality of their arrests. ECF No. 41 (Arraignment Tr.) at 19:23-20:2.

[4] Defendants have represented that the cellphones at issue belong to them. *See* ECF No. 34 (Defs.' Reply) at 2 (referring to seized phones as "*[D]efendants'* cell phones"); *id.* at 4 ("*[D]efendants'* mobile phones"); ECF No. 52 (Defs.' Supp. Br.) at 2 ("*[D]efendants'* cellular telephones" (emphases added)).

magistrate judge signed.[5]  ECF No. 51-2 (Search Warrant).  The warrant authorizes law enforcement personnel "to review the ESI [electronically stored information] contained on the [cellphones] for evidence, fruits, and instrumentalities of [the] violations" with which Defendants have been charged.  *Id.* at Attach. A.

Pursuant to the search warrant, a forensic examiner from the Federal Bureau of Investigation extracted data from Isidore Handler's cellphone (the "I. Handler Cellphone") on January 25, 2023, and from Menachem Lieberman's cellphone (the "Lieberman Cellphone") on January 27, 2023.  ECF No. 51 (Gov't Supp. Br.) at 1.  According to the Government, because these cellphones may contain communications with attorneys, the Government is "using screening procedures designed to protect the attorney-client or other applicable privilege such that the investigative team has not yet reviewed any data extracted from the [I. Handler] Cellphone or the Lieberman Cellphone."  *Id.* at 1-2.  As for the cellphones seized from Martin Handler (the "M. Handler Cellphone") and Ben Werczberger (the "Werczberger Cellphone"), those devices are encrypted, and counsel for Handler and Werczberger have declined to provide the passwords to unlock them.  *Id.* at 1 & n.2.  The Government represents that efforts to decrypt those cellphones are ongoing.  *Id.* at 1.  To date, the Government has not returned any of the seized cellphones.

---

[5] The Government has intimated that the eight-day lag between seizing the cellphones on January 11 and applying for a search warrant on January 19 was attributable to the Court's January 18 Order directing the parties to confer about the issues raised in Defendants' Rule 41(g) motion. Gov't Opp. 1 n.1.  By the Government's own admission, it could have already obtained the warrant by that time.  *See* Presentment Tr. at 23:11-15 (representing to the magistrate judge on January 11 that the Government could "certainly" secure a warrant within "a week").

3

## II.  LEGAL STANDARD

Under Rule 41 of the Federal Rules of Criminal Procedure, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).  Such relief is warranted "only if the moving party can 'demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended.'"  *United States v. Brennerman*, No. 17-CR-337 (RJS), 2023 WL 24256, at *5 (S.D.N.Y. Jan. 3, 2023) (quoting *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005)).  The moving party bears the burden of proving these elements by a preponderance of the evidence.  *Id.*

## III.  DISCUSSION

Defendants' motion falters under the third prong of the Rule 41(g) standard.[6]  Defendants have not demonstrated that the seizure of their cellphones was illegal.  Nor have they shown that the Government's need for the phones has ended.  As Defendants have failed to meet their burden under Rule 41(g), their application for the return of their cellphones is DENIED.

### A.  The Legality of the Seizure

Defendants challenge the seizure of their cellphones on the grounds that, *inter alia*, the seizures were carried out without a warrant, and absent an applicable exemption to the warrant requirement.[7]

---

[6] Accordingly, the Court need not address the other two prongs: whether Defendants are "entitled to lawful possession" of their cellphones (which the Government does not dispute in any event), *Ferreira*, 354 F. Supp. 2d at 409, or whether the seized phones are contraband, *id.*

[7] In addition to challenging the Government's seizure of the phones, Defendants contend that the Government's "unreasonable" eight-day delay in obtaining a search warrant "renders any subsequent search impermissible."  Defs.' Reply 2-4.  In that regard, Defendants are effectively

Although "seizures inside a home without a warrant are presumptively unreasonable[,] . . . the warrant requirement is subject to certain reasonable exceptions." *Kentucky v. King*, 563 U.S. 452, 459 (2011) (citation omitted). "Among the exceptions . . . . [are] seizures incident to arrest, which 'permit[] the police to search a lawfully arrested person . . . and seize evidence obtained from such searches.'" *United States v. Chierchio*, No. 20-CR-306 (NGG), 2022 WL 523603, at *9 (E.D.N.Y. Feb. 22, 2022), *reconsideration denied*, 2022 WL 2047170 (E.D.N.Y. June 7, 2022) (citing *Utah v. Strieff*, 579 U.S. 232, 243 (2016)). The seizure of that evidence "requires no additional justification"; rather, "[it] is the fact of the lawful arrest which establishes the authority" to search a person, and to seize evidence from that search, in the course of an arrest. *Cf. Corley v. Vance*, 365 F. Supp. 3d 407, 443 (S.D.N.Y. 2019), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020); *see also Maryland v. Buie*, 494 U.S. 325, 334 (1990).

The seizure of Defendants' cellphones falls squarely within this exception. Defendants do not dispute that the officers had probable cause to arrest them. *See supra* p. 2 n.3; *see also* Arraignment Tr. at 19:23-20:2 (Court: "Under [Supreme Court precedent], seizure of a cell phone incident to an arrest is not unlawful unless there was no probable cause for the arrest. Is that your position, that there was no probable cause for the arrests?" Defense Counsel: "No, your Honor."). Nor do they challenge that the cellphones were seized at the time of arrest, *see supra* p. 2; *see also* Defs.' Mot. 1, or that the cellphones were seized either directly from each

---

seeking the suppression of (unspecified) evidence yielded by the Government's search of the cellphones. That request, however, is premature: far from indicating whether it will proffer at trial any evidence from the cellphones, the Government represents that it has not even begun searching the phones, *see supra* p. 3; *see also infra* p. 7. Accordingly, the Court denies this aspect of Defendants' application. *Cf., e.g.*, *United States v. Matos-Peralta*, 691 F. Supp. 780, 788 (S.D.N.Y. 1988) ("[A]t this stage of the proceedings . . . the government [has not] produced any evidence of post-arrest statements by [the defendant]. Therefore, his motion to suppress is premature. If and when the government indicates that it intends to use post-arrest statements by [the defendant] against him at trial, [he] will be permitted to renew his objection.").

5

Defendant's hand or pocket, *see supra* p. 2; *see also* Search Warrant, Attach. A (each phone "was seized from [the Defendant's] person").  Because the cellphones were seized from each Defendant's person during a lawfully conducted arrest, they were properly seized.  *See, e.g.*, *United States v. Cushnie*, No. 14-CR-119 (PGG), 2014 WL 7447149, at *10 (S.D.N.Y. Dec. 31, 2014) (where "[t]here [wa]s no dispute here that officers had probable cause to effectuate the arrest of [defendant]," "[n]or [wa]s there any dispute that [defendant] was arrested in the apartment's living room and that the [cell phone] seized w[as] . . . . within [his] immediate control," the cellphone "w[as] properly seized incident to his arrest"); *see also Chierchio*, 2022 WL 523603, at *11, *12 ("[defendant's] phone was seized legally . . . . as a seizure incident to an arrest" where "[he] had his phone on his person at the time he was arrested").

      Defendants unpersuasively rejoin that the search-incident-to-arrest doctrine does not apply because they "were arrested in their homes."  Defs.' Supp. Br. 2 n.2.  They reason that, when an arrest occurs inside the home, the policies underlying that doctrine "are inapplicable: neither 'protecting arresting officers [nor] safeguarding any evidence of the offense of arrest that an arrestee might conceal or destroy[]' is a concern here."  *Id.* (first alteration in original) (citation omitted).  However, search-incident-to-arrest jurisprudence supplies a "categorical" rule that does "not depend on whether a search of a *particular* arrestee is likely to protect officer safety or evidence."  *Cf. Birchfield v. North Dakota*, 579 U.S. 438, 457, 460 (2016); *Buie*, 494 U.S. at 334.  Applying that principle, courts have repeatedly upheld seizures incident to arrest within a defendant's home.  *See, e.g.*, *Chierchio*, 2022 WL 523603, at *10 & n.4, *12 ("[defendant] was arrested at his home pursuant to an arrest warrant," and "the court conclude[d] that the seizure [of defendant's cellphone] was justified . . . as a seizure incident to arrest"); *United States v. Sharma*, No. 18-CR-340 (LGS), 2019 WL 3802223, at *6 (S.D.N.Y. Aug. 13,

6

2019) ("[defendant's] iPhone was properly seized as part of a search incident to a valid arrest" carried out in defendant's apartment); *accord United States v. Collins*, No. 19-CR-395 (PKC), 2020 WL 5439658, at *3 (S.D.N.Y. Sept. 9, 2020) ("[I]t has always been assumed that one's house cannot lawfully be searched without a search warrant, *except as an incident to lawful arrest therein*." (emphasis added)), *aff'd*, No. 21-1291, 2023 WL 309605 (2d Cir. Jan. 19, 2023).[8] Defendants' argument that the seizure of their cellphones was unlawful fails.

## B. The Government's Retention of the Cellphones

The Court next turns to whether the Government's need for the cellphones has ended.

As an initial matter, there "does not appear to be any disputed factual record" as to this issue. *See United States v. Estime*, No. 19-CR-711 (NSR), 2020 WL 6075554, at *16 (S.D.N.Y. Oct. 14, 2020). The Government represents that it still requires possession of the I. Handler Cellphone and the Lieberman Cellphone because it has undertaken "screening procedures" designed to protect any communications on the phones that are covered by "the attorney-client or other applicable privilege." Gov't Supp. Br. 1-2. The Government also represents that it still needs the M. Handler Cellphone and the Werczberger Cellphone, as it has not yet decrypted those phones. *Id.* at 1, 3. Defendants offer no argument whatsoever on that matter, much less "any factual basis upon which it could be determined that the Government no longer requires the possession of the cellphones—*e.g.*, that [the] government has already made a copy of the data contained on the cellphones." *Estime*, 2020 WL 6075554, at *16. Accordingly, the Court finds that Defendants have "not met [their] initial burden by a preponderance of the evidence of establishing that the Government's need for Defendant[s'] cellphones no longer exists." *Id.*;

---

[8] Because the Court concludes that Defendants' phones were lawfully seized incident to arrest, the Court need not address Defendants' argument that the plain view doctrine is inapplicable.

7

*accord Sash v. United States*, No. 09 CIV. 450 (DC), 2009 WL 3007379, at *3 (S.D.N.Y. Sept. 22, 2009) ("The moving party in these [Rule 41(g)] cases has been convicted of a crime, and he is the one seeking relief from the Court.  It is therefore reasonable to require the movant to show that the Government is not entitled to retain any property seized.").

Furthermore, the Government has only possessed Defendants' cellphones since January 11, 2023.  Courts in this Circuit have routinely denied Rule 41(g) motions where the Government retained seized property for as long as, or for even longer than, ten weeks.  *See, e.g.*, *Estime*, 2020 WL 6075554, at *16-17 (denying Rule 41(g) motion for return of cellphone seized ten weeks prior); *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 313 (S.D.N.Y. 2018) (denying defendant's Rule 41(g) motion for the return of his iPhone where "[t]he Government ha[d] only possessed the iPhone in question for a matter of [five] months at this point, hardly a constitutionally significant period of time"); *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012) ("Numerous cases hold that a delay of several months between the seizure of electronic evidence and the completion of the government's review . . . is reasonable." (emphasis omitted)) (collecting cases).

The fact that a search warrant was issued for each Defendant's cellphone further supports the Government's retention of the seized phones.  "In other words, a judicial determination has already been made that there is probable cause to believe the phones contain relevant information, or are relevant themselves, to an investigation or prosecution." *United States v. Figueroa*, No. 22 MAG. 4490 (ER), 2022 WL 2873226, at *3 (S.D.N.Y. July 21, 2022); *see also id.* (the fact that "Judge Gorenstein [had] authorized a warrant to search [defendant's] phones" underscored that the Government "ha[d] a legitimate reason for retaining [defendant's] property").

Nevertheless, Rule 41(g) "recognizes that reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners and holders." Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendment. Thus, "[i]n many instances documents and records that are relevant to ongoing or contemplated investigations and prosecutions may be returned to their owner as long as the government preserves a copy for future use." *Id.*

In view of the foregoing, by letters submitted this Friday, March 24, 2023 and every other Friday thereafter, the Government shall update the Court regarding the status of its review and decryption efforts. With respect to the I. Handler Cellphone and the Lieberman Cellphone, the Government shall address whether the screening procedures described in the Government's supplemental brief have been completed and, if so, why it believes that continued possession of those phones is nonetheless warranted. In that regard, the Government also shall state whether the ESI contained in the phones has been copied. *See United States v. Dennis*, No. 20-CR-623 (JSR), 2022 WL 3580315, at *2 (S.D.N.Y. Aug. 19, 2022) (where "[t]he Government already extracted the phone's contents," "the Government d[id] not need [defendant's] phone" any longer); *see Figueroa*, 2022 WL 2873226, at *4 (noting that the defendant could "insist that the government copy the electronically stored information contained in the two phones" so that the phones could be returned). In the event that the aforementioned screening procedures have not been completed and/or the ESI has not yet been copied, the Government shall explain why that is the case and set forth its anticipated timeline for concluding that work. As for the M. Handler Cellphone and the Werczberger Cellphone, the Government shall advise on the status of its efforts to decrypt those phones.

9

**C. Defendants' Request for an Evidentiary Hearing**

Defendants' application for an evidentiary hearing to resolve certain purported factual issues with respect to their Rule 41(g) motion is also denied.

"Evidentiary hearings are not granted as a matter of course." *Sanchez-Butriago v. United States*, No. 00 CIV. 8820 (JFK), 2003 WL 21649431, at *6 (S.D.N.Y. July 14, 2003) (alterations and citation omitted). "[S]uch a hearing is required only if any disputed material facts are 'necessary to the decision of the motion.'" *Green v. United States*, 90 F. Supp. 2d 229, 230 (E.D.N.Y. 2000) (quoting *United States v. Dean*, 100 F.3d 19, 20 (5th Cir. 1996)); *accord United States v. Podlog*, 108 F.3d 1370, 1370 (2d Cir. 1997) (unpublished).

No disputed material facts are necessary to the Court's resolution of Defendants' motion. As to whether the seizure of their cellphones was legal (*see supra* Section III.A), Defendants claim that "the record is still devoid of the basic facts necessary for the Court to determine the legality of the warrantless seizures." According to Defendants, those matters include "the circumstances surrounding how the phones were seized; what specific facts the government knew about the defendants' use of phones at the time of the seizures." Neither of those purported issues provides a basis for an evidentiary hearing. The salient "circumstances" and "facts" surrounding the seizure of the cellphones have not been challenged: each Defendant was arrested pursuant to an arrest warrant supported by probable cause; each phone was seized at the time of arrest; and each phone was seized from the Defendant's person. Those are the facts that are material to the legality of the seizure, and they establish, as addressed at length *supra*, that Defendants' cellphones were lawfully seized incident to arrest. Defendants have failed to proffer any other basis, much less evidence, for holding an evidentiary hearing on that issue. *Cf., e.g., United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996) (defendant not entitled to evidentiary

10

hearing where "[he] alleged no facts to support [Rule 41(g)] claim; nor did he seek to rebut the government's circumstantial evidence"); *Brizard v. United States*, No. 11 CIV. 6033 JGK, 2013 WL 4050745, at *1 (S.D.N.Y. Aug. 7, 2013) (denying request for evidentiary hearing where "the defendant ha[d] introduced no evidence" in response to the Government's proffer).

Regarding whether the Government's need for the seized cellphones has ended (*see supra* Section III.B), Defendants have failed to address that issue in any of the three submissions in support of their motion. As "Defendant[s] ha[ve] not offered any factual basis upon which it could be determined that the Government no longer requires the possession of the cellphones[,] . . . there does not appear to be any disputed factual record upon which the Court must take evidence" on this issue. *Estime*, 2020 WL 6075554, at *16. Defendants have failed to show that an evidentiary hearing is necessary.[9]

### D. The Government's Application to Seal the Warrant Affidavit

The Government requests that the affidavit submitted in support of its application for a warrant be filed under seal. The Government explains that the affidavit "contains information about an ongoing investigation, the scope of which is not fully known, and which may be impeded should it be publicly disclosed." Gov't Supp. Br. 1 n.1. It is well established that "[t]he government's interests in ongoing investigations are sufficient to justify sealing of documents which are ordinarily presumed to be public." *United States v. Cabal*, No. 92-CR-108 (LLS),

---

[9] For the first time in their supplemental brief, Defendants request—if "the Court decline[s] to hold an evidentiary hearing"—that the "Court reserve decision on the [D]efendants' Rule 41(g) motion until the time of pretrial suppression litigation." Defs.' Supp. Br. 1, 3. In Defendants' view, by that point in the proceedings, "the Court will have the benefit of a complete evidentiary record." *Id*. at 3. By failing to make that specific request and argument until their final submission, despite multiple prior opportunities to do so, Defendants waived the issue. *See, e.g.*, *United States v. Morgan*, 406 F.3d 135, 136 n.1 (2d Cir. 2005) ("In response to th[e] [Court's] request for supplemental briefing, [defendant] for the first time [raised an argument]. Because he never previously asserted such a[n] [argument], . . . [it] was waived.").

11

1992 WL 110738, at *2 (S.D.N.Y. May 13, 1992); *accord United States v. Cohen*, 366 F. Supp. 3d 612, 628 (S.D.N.Y. 2019).  Accordingly, the Government's request to seal the warrant affidavit is GRANTED.  *See, e.g.*, *Cabal*, 1992 WL 110738, at *2 (granting Government's motion to seal warrant application in view of its demonstrated "interest[] in ongoing investigation").

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for the return of their cellphones is DENIED without prejudice.  Defendants' request for an evidentiary hearing is also DENIED.  The Government shall file a status letter by March 24, 2023, and every other Friday thereafter, addressing whether it has finished its review of the data extracted from the I. Handler Cellphone and Lieberman Cellphone—and, if not, when it expects to finish that review—as well as the status of its efforts to decrypt the M. Handler Cellphone and Werczberger Cellphone.

The Government's application to file the search warrant affidavit (ECF No. 51-1) under seal is GRANTED.

The Clerk of the Court is directed to terminate ECF Nos. 22 and 25.

SO ORDERED.

Dated: March 21, 2023
       New York, New York

                                                JENNIFER H. REARDEN
                                                United States District Judge