ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MARTIN HANDLER,
MENACHEM LIEBERMAN,
HAROLD SCHWARTZ,
BEN WERCZBERGER, and
ARIE RANGOTT,

Defendants.

**SEALED SUPERSEDING
INDICTMENT**

S2 23 Cr. 004 (JHR)

## OVERVIEW

1. From at least in or about 2016, up to and including in or about January 2023,
MARTIN HANDLER, MENACHEM LIEBERMAN, HAROLD SCHWARTZ, BEN
WERCZBERGER, and ARIE RANGOTT, the defendants, participated in schemes to corrupt
government-funded daycares in New York City and to steal millions of dollars intended for low-
income families.

2. In particular, as part of these schemes, MARTIN HANDLER and
MENACHEM LIEBERMAN, the defendants, have at various times secretly "owned" and
embezzled funds from a non-profit daycare provider ("Daycare Provider-1"), and, together with
HAROLD SCHWARTZ, BEN WERCZBERGER, and ARIE RANGOTT, the defendants, stole
from and defrauded the City of New York's Administration for Children's Services ("ACS") and
the U.S. Department of Health and Human Services ("HHS").

3. The means and methods employed to carry out the schemes included, but
were not limited to:

        a.       Fraudulently claiming reimbursement from ACS for the enrollment of children in a fake after-school program purportedly operated by Daycare Provider-1, resulting in the theft of more than approximately $1,000,000, by MARTIN HANDLER, MENACHEM LIEBERMAN, and HAROLD SCHWARTZ, the defendants;

        b.       The defrauding of HHS by concealing HANDLER's and LIEBERMAN's ownership of Daycare Provider-1 and Daycare Provider-1's entrance into multiple non-arm's length dealings with for-profit daycare centers and other businesses owned by HANDLER and LIEBERMAN;

        c.       The defrauding of HHS through repeated misrepresentations, facilitated by HANDLER, LIEBERMAN, and ARIE RANGOTT, the defendants, that Daycare Provider-1 had a legitimate governing body that regularly met, engaged in appropriate oversight of federal funds, or voted to approve key matters at Daycare Provider-1, when in truth and in fact the governing body was a sham that never met or engaged in any oversight or approvals;

        d.       The falsification of a document by HANDLER, LIEBERMAN, SCHWARTZ, and RANGOTT, which was submitted to HHS in response to an investigation by HHS into Daycare Provider-1's relationship with LIEBERMAN and Daycare Provider-1's oversight of federal funds;

        e.       Obstruction of an investigation by the HHS Office of the Inspector General ("HHS OIG") of Daycare Provider-1's relationship with LIEBERMAN, among other matters, through false statements, the creation and submission of false documents to HHS OIG, and witness tampering by LIEBERMAN and RANGOTT;

        f.       Theft by HANDLER and BEN WERCZBERGER, the defendants, of at least approximately $2.8 million of federal funding intended for a for-profit daycare company

("Daycare Provider-2") owned by HANDLER, so that HANDLER could repay a debt to WERCZBERGER, and the providing to family members of WERCZBERGER of no-show jobs at Daycare Provider-2;

                g.       Theft by HANDLER of at least approximately $1.8 million from Daycare Provider-2 so that HANDLER could purchase real estate, repay loans, buy historical artifacts at auction, and purchase a luxury vehicle; and

                h.       Misapplication of funds by HANDLER at Daycare Provider-2 by compensating the chairperson of Daycare Provider-2's governing body with luxury vehicles in violation of HHS regulations and Daycare Provider-2's policies as represented to HHS.

<u>The Defendants, Related Entities, and Victims</u>

4. Daycare Provider-1 is organized as a non-profit corporation. Daycare Provider-1 annually receives tens of millions of dollars in funding from HHS intended for Daycare Provider-1 to provide childcare services to low-income families pursuant to HHS's Head Start and Early Head Start programs. Daycare Provider-1 has been granted such government funding by representing to HHS, among other things, that Daycare Provider-1 is a non-profit entity that has controls in place to guard against fraud, waste, and abuse of federal funding, including to avoid Daycare Provider-1 from entering related-party transactions with companies owned and operated by Daycare Provider-1's management. Up through and including at least in or about January 2023, Daycare Provider-1 has operated daycare centers in Brooklyn and the Bronx.

5. MARTIN HANDLER, the defendant, was the executive director of Daycare Provider-1 between in or about December 2010 and in or about March 2017. After March 2017, HANDLER secretly owned Daycare Provider-1, an ostensible non-profit corporation without any legally recognized owners, meaning HANDLER exercised control over its operations and

expenditure of government funding, and privately profited from such control. In addition to secretly owning Daycare Provider-1, HANDLER has publicly owned multiple, additional for-profit childcare providers, including Daycare Provider-2, which was incorporated in or about 2017.

6. Daycare Provider-2 is organized as a for-profit corporation. From in or about 2017, up through and including at least in or about January 2023, Daycare Provider-2 has operated daycare centers in Westchester County, the Bronx, and Brooklyn, and it maintains an administrative office in the Bronx.

7. MENACHEM LIEBERMAN, the defendant, bought a secret ownership interest in Daycare Provider-1 from MARTIN HANDLER, the defendant, in or about April 2019, by agreeing to pay HANDLER approximately $1.5 million. LIEBERMAN and HANDLER were secret co-owners of Daycare Provider-1 until in or about August 2021, when LIEBERMAN purchased HANDLER's remaining stake in Daycare Provider-1 by agreeing to pay HANDLER approximately $3.2 million. From in or about 2014, up to and including at least in or about January 2023, LIEBERMAN has owned a different for-profit daycare ("Daycare Provider-3") in New York City.

8. Daycare Provider-3 is organized as a for-profit corporation. Daycare Provider-3 operates daycare centers in Brooklyn.

9. HAROLD SCHWARTZ, the defendant, had the title of executive director of Daycare Provider-1 from approximately March 2017 up to and including at least in or about August 2021.

10. ARIE RANGOTT, the defendant, was a consultant for, and later had the title of deputy executive director of, Daycare Provider-1 from in or about 2021 up to and including at least in or about January 2023.

11.     BEN WERCZBERGER, the defendant, is a business partner of MARTIN

HANDLER, the defendant, and co-investor with HANDLER in real estate.  WERCZBERGER

served as the initial chair of the board of Daycare Provider-2, certifying in writing he was "fully

knowledgeable of the Head Start regulatory requirements," and has loaned HANDLER millions

of dollars.

12.     ACS is an agency of the City of New York that coordinates and funds

vouchers with monetary value for families and children who are eligible for subsidized care.  ACS

administers the voucher program from its offices in New York, New York.  The ACS voucher

program is funded through a federal block grant.

13.     HHS is an agency of the executive branch of the United States and

administers the federal Head Start program, serving children between 3 and 5 years old, and the

federal Early Head Start program, serving pregnant women and families with children under age

3.  Head Start and Early Head Start are free, federally-funded programs designed to provide

childcare and promote school readiness for children from low-income families.  In New York

City, these programs are administered by a component of HHS located in New York, New York.

## COUNT ONE
**(Conspiracy to Commit Wire Fraud –HANDLER, LIEBERMAN, SCHWARTZ)**

The Grand Jury charges:

14.     The Grand Jury incorporates the allegations contained in paragraphs 1

through 13 of this Indictment as though fully set forth herein.

15.     As described further below, from in or about July 2020, up to and including

January 2023, MARTIN HANDLER, MENACHEM LIEBERMAN, and HAROLD

SCHWARTZ, the defendants, conspired to and did (a) create a fake after-hours childcare program

5

at a daycare center operated by Daycare Provider-1 on Church Avenue in the East Flatbush neighborhood of Brooklyn (the "Church Avenue Location"); (b) "enroll" children in that after-hours program who did not in fact attend the daycare center; (c) obtain funding from ACS for those children who did not in fact attend the daycare center by falsely representing to ACS that the children were "enrolled" in the program; and (d) conceal their fraud from discovery by regulators and law enforcement.

### Statutory Allegations

16.     From at least in or about July 2020, up to and including in or about January 2023, in the Southern District of New York and elsewhere, MARTIN HANDLER, MENACHEM LIEBERMAN, and HAROLD SCHWARTZ, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

17.     It was a part and object of the conspiracy that MARTIN HANDLER, MENACHEM LIEBERMAN, and HAROLD SCHWARTZ, the defendants, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, HANDLER, LIEBERMAN, and SCHWARTZ agreed to make and caused to be made false statements to ACS that Daycare Provider-1 was providing childcare services to various enrolled children at the Church Avenue Location, despite knowing that the children were not enrolled or receiving services there, did so to obtain payment from ACS for the

value of childcare vouchers, and furthered the scheme by exchanging interstate phone communications.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Aggravated Identity Theft - LIEBERMAN)

The Grand Jury further charges:

18.     The Grand Jury incorporates the allegations contained in paragraphs 1 through 13, and 15, of this Indictment as though fully set forth herein.

19.     From at least in or about July 2020, up to and including in or about January 2023, in the Southern District of New York and elsewhere, MENACHEM LIEBERMAN, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, LIEBERMAN without lawful authority forged the signature of HAROLD SCHWARTZ in documents submitted to ACS in furtherance of the wire fraud conspiracy charged in Count One of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1) and 2.)

## COUNT THREE
### (Conspiracy to Defraud the United States –HANDLER, LIEBERMAN, RANGOTT)

The Grand Jury further charges:

20.     The Grand Jury incorporates the allegations contained in paragraphs 1 through 13, and 15, of this Indictment as though fully set forth herein.

21.     From at least in or about 2015, up to and including in or about January 2023, Daycare Provider-1 has been the recipient of a particular grant issued by HHS, pursuant to which Daycare Provider-1 was expected to partner with, and issue annual payment of millions of dollars

of federal funds to, other entities that themselves are to provide daycare services that meet Head Start standards. Daycare Provider-1 was obligated to abide by statutory and regulatory standards that prohibit Daycare Provider-1 from entering into less-than arm's length partnerships with third party childcare providers. Pursuant to statutory and regulatory standards, Daycare Provider-1 was also required to maintain a governing body with legal and fiscal responsibility for safeguarding federal funds, and with the obligation to ensure that Daycare Provider-1 maintained independent and informed governance.

22.    From at least in or about 2016, up to and including in or about January 2023, MARTIN HANDLER, MENACHEM LIEBERMAN, and ARIE RANGOTT, the defendants, agreed to and did defraud HHS by (a) misrepresenting that Daycare Provider-1 was governed by an independent board of directors when, in truth and in fact, from at least in or about 2018 up to and including in or about January 2023, Daycare Provider-1's governing body was a sham that never met, never conducted any oversight, and never voted on any key matters, and (b) concealing that HANDLER and LIEBERMAN owned Daycare Provider-1 to circumvent prohibitions on less-than arm's length dealings.

STATUTORY ALLEGATIONS

23.    From in or about 2017, up to and including in or about January 2023, MARTIN HANDLER, MENACHEM LIEBERMAN, and ARIE RANGOTT, the defendants, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to defraud the United States and an agency thereof, to wit, HHS, in violation of Title 18, United States Code, Section 371.

24.    It was a part and object of the conspiracy that MARTIN HANDLER, MENACHEM LIEBERMAN, and ARIE RANGOTT, the defendants, and others known and

8

unknown, would and did defraud the United States, and an agency thereof, by impairing, obstructing, and defeating the lawful functions of HHS, to wit, HHS's function to ensure that recipients of funding for the Head Start and Early Head Start programs have in place (a) procedures and practices to "guard against personal or financial conflicts of interest" pursuant to 42 U.S.C. § 9839(a)(3)(C), and that such recipients do, in fact, guard against such conflicts of interest; and (b) "a formal structure for program governance" including a "governing body" with "legal and fiscal responsibility for administering and overseeing" Head Start and Early Head Start programs, "including the safeguarding of Federal funds" and that is "responsible for ensuring compliance with Federal laws (including regulations)" and for "reviewing all applications for funding," pursuant to 42 U.S.C. §§ 9837(c)(1).

Overt Acts

25.    In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    From in or about 2017, up to and including in or about August 2021, MARTIN HANDLER, the defendant, caused Daycare Provider-1 to enter into non-arm's-length transactions with Daycare Provider-2 for the operation of daycare centers in the Bronx, New York, without disclosing to HHS his simultaneous ownership of Daycare Provider-1.

b.    From in or about April 2019, up to and including in or about January 2023, MENACHEM LIEBERMAN, the defendant, caused Daycare Provider-1 to enter into non-arm's length transactions with Daycare Provider-3 for the operation of daycare centers in Brooklyn, New York, without disclosing to HHS his simultaneous ownership of Daycare Provider-1.

c.    From in or about 2021, up to and including in or about January 2023, ARIE RANGOTT, the defendant, created and caused to be created documents, including minutes of "board meetings" that never occurred, falsely reflecting that the governing body of Daycare Provider-1 had met to review and approve various matters, and then caused those fictitious documents to be submitted to HHS when, in truth and in fact, the governing body had not engaged in such actions.

(Title 18, United States Code, Section 371.)

**COUNT FOUR**
**(Conspiracy to Falsify Documents and Records –HANDLER, LIEBERMAN, SCHWARTZ, RANGOTT)**

The Grand Jury further charges:

26.    The Grand Jury incorporates the allegations contained in paragraphs 1 through 13, 15, 21, and 22 of this Indictment as though fully set forth herein.

27.    In or about December 2021, in the Southern District of New York and elsewhere, MARTIN HANDLER, MENACHEM LIEBERMAN, HAROLD SCHWARTZ, and ARIE RANGOTT, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1519.

28.    It was a part and object of the conspiracy that MARTIN HANDLER, MENACHEM LIEBERMAN, HAROLD SCHWARTZ, and ARIE RANGOTT, the defendants, and others known and unknown, would and did knowingly alter, destroy, mutilate, conceal, cover up, falsify, and make a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States.

10

Overt Act

29.    In furtherance of the conspiracy, and to effect the illegal object thereof, the

following overt act, among others, was committed in the Southern District of New York and

elsewhere:

a.    On or about December 21, 2021, MARTIN HANDLER,

MENACHEM LIEBERMAN, HAROLD SCHWARTZ, and ARIE RANGOTT, the defendants,

caused Daycare Provider-1 to submit a letter to the regional HHS office in New York, New York

that falsely denied LIEBERMAN's less-than-arm's length relationship with Daycare Provider-1

and falsely denied allegations concerning Daycare Provider-1's oversight of federal funds.

(Title 18, United States Code, Section 371.)

## COUNT FIVE
### (Theft of Government Funds – HANDLER, WERCZBERGER)

The Grand Jury further charges:

30.    The Grand Jury incorporates the allegations contained in paragraphs 1

through 13, 15, 21, and 22 of this Indictment as though fully set forth herein.

31.    From at least in or about November 2019, up to and including in or about

January 2023, in the Southern District of New York and elsewhere, MARTIN HANDLER, the

defendant, being an agent of an organization, State, and local government, and an agency thereof,

to wit, an owner and employee of Daycare Provider-2, that received, in a one-year period, benefits

in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee,

insurance, and other form of Federal assistance, with the assistance of BEN WERCZBERGER,

the defendant, embezzled, stole, obtained by fraud, and otherwise without authority knowingly

converted to the use of a person other than the rightful owner and intentionally misapplied,

property that is valued at $5,000 and more and is owned by, and under the care, custody, and

11

control of such organization, government, and agency, to wit, HANDLER, in his capacity as owner and employee of Daycare Provider-2, embezzled and stole from Daycare Provider-2 by (a) funneling to WERCZBERGER, until in or about November 2021, monthly payments of approximately $118,050 of funding originating from HHS to Daycare Provider-2 that was intended to provide childcare services to low-income children in the Bronx but instead was used by HANDLER to repay a debt to WERCZBERGER; (b) providing WERCZBERGER's wife with a no-show job and annual salary of approximately $55,000 at Daycare Provider-2 between in or about May 2020 and in or about January 2023; (c) providing WERCZBERGER's grandson with a no-show job and annual salary of approximately $35,000 between in or about August 2021 and in or about January 2023; and (d) having Daycare Provider-2 pay for a luxury sport utility vehicle for WERCZBERGER's wife.

(Title 18, United States Code, Sections 666(a)(1)(A) and 2.)

## COUNT SIX
**(Conspiracy to Commit Money Laundering – HANDLER, WERCZBERGER)**

The Grand Jury further charges:

32.    The Grand Jury incorporates the allegations contained in paragraphs 1 through 13, 15, 21, and 22 of this Indictment as though fully set forth herein.

33.    From at least in or about November 2019, up to and including in or about January 2023, in the Southern District of New York and elsewhere, MARTIN HANDLER and BEN WERCZBERGER, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

34.    It was a part and an object of the conspiracy that MARTIN HANDLER and BEN WERCZBERGER, the defendants, and others known and unknown, in an offense in and affecting interstate and foreign commerce, knowing that the property involved in a financial transaction, to wit, one or more wire transfers and checks, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, to wit, the federal program theft alleged in Count Five of this Indictment, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control, of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

35.    It was further a part and an object of the conspiracy that MARTIN HANDLER and BEN WERCZBERGER, the defendants, and others known and unknown, within the United States, would and did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, to wit, the federal program theft alleged in Count Five of this Indictment, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

## COUNT SEVEN
### (Theft of Government Funds – HANDLER)

The Grand Jury further charges:

36.    The Grand Jury incorporates the allegations contained in paragraphs 1 through 13, 15, 21, and 22 of this Indictment as though fully set forth herein.

37.    From at least in or about November 2019, up to and including in or about

13

January 2023, in the Southern District of New York and elsewhere, MARTIN HANDLER, the

defendant, being an agent of an organization, State, and local government, and an agency thereof,

to wit, an owner and employee of Daycare Provider-2, that received, in a one-year period, benefits

in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee,

insurance, and other form of Federal assistance, embezzled, stole, obtained by fraud, and otherwise

without authority knowingly converted to the use of a person other than the rightful owner and

intentionally misapplied, property that is valued at $5,000 and more and is owned by and is under

the care, custody, and control of such organization, government, and agency, to wit, HANDLER,

in his capacity as owner and employee of Daycare Provider-2, (a) stole from a bank account held

by Daycare Provider-2 used to fund Daycare Provider-2's operating expenses, and then used the

stolen proceeds to (i) purchase real estate for HANDLER's personal and private benefit; (ii) repay

a loan of approximately $500,000 to a business associate; (iii) purchase historical items at auction;

(iv) purchase a luxury vehicle; and (b) misapplied funds from the same bank account to

compensate the chairperson of the governing body of Daycare Provider-2 for her service on the

governing body with luxury vehicle leases, in violation of HHS regulations and Daycare Provider-

2's policies as represented to HHS that governing board members cannot be compensated for their

service.

(Title 18, United States Code, Sections 666(a)(1)(A) and 2.)

## COUNT EIGHT
### (Conspiracy to Obstruct Agency Proceeding – LIEBERMAN, RANGOTT)

The Grand Jury further charges:

38.    The Grand Jury incorporates the allegations contained in paragraphs 1

through 13, 15, 21, and 22 of this Indictment as though fully set forth herein.

39.     In or about August and September 2022, in the Southern District of New York and elsewhere, MENACHEM LIEBERMAN and ARIE RANGOTT, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, obstruction of a pending proceeding, in violation Title 18, United States Code, Section 1505.

40.     It was a part and an object of the conspiracy that MENACHEM LIEBERMAN and ARIE RANGOTT, the defendants, and others known and unknown, would and did corruptly influence, obstruct, and impede, and endeavor to influence, obstruct, and impede, the due and proper administration of the law under which a pending proceeding was being had before any department or agency of the United States, to wit, LIEBERMAN and RANGOTT gave and/or instructed others to give false and misleading answers to HHS OIG investigators during interviews and tampered with witnesses, including but not limited to by directing witnesses to provide false answers during interviews with HHS OIG investigators, and sharing surreptitiously created recordings of certain witness interviews with HHS OIG investigators, in the course of an investigation being conducted by HHS OIG into alleged wrongdoing at Daycare Provider-1.

Overt Act

41.     In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.     On or about September 2, 2022, ARIE RANGOTT, the defendant, knowingly and intentionally made false statements to HHS OIG investigators during an interview being conducted as part of the HHS OIG investigation into alleged wrongdoing at Daycare Provider-1.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATIONS

42.    As a result of committing the offense alleged in Count One of this Indictment, MARTIN HANDLER, MENACHEM LIEBERMAN, and HAROLD SCHWARTZ, the defendants, shall forfeit to the United States, pursuant to United States Code, Sections 981(a)(1)(C) and 982(a)(2), any and all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

43.    As a result of committing the offense alleged in Count Five of this Indictment, MARTIN HANDLER and BEN WERCZBERGER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

44.    As a result of committing the offense alleged in Count Six of this Indictment, MARTIN HANDLER and BEN WERCZBERGER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

16

45.     As a result of committing the offense alleged in Count Seven of this Indictment, MARTIN HANDLER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

a.     The real property and premises located at 98 Locust Street, Fallsburg, New York 12733.

b.     The real property and premises located at 2128 Ocean Avenue, Units CF and P27, Brooklyn, New York 11229.

c.     The real property and premises located at 2734 Victory Boulevard, Staten Island, New York 10314.

d.     The real property and premises located at 19 Sterling Forest Lane, Suffern, New York 10901.

e.     The real property and premises located at 42 Bayard Lane, Suffern, New York 10901.

f.     The real property and premises located at 10350 West Bay Harbor Drive, Unit 7TU, Bay Harbor Island, Florida 33154.

g.     The real property and premises located at 3637 Indian Creek Drive, Unit 404, Miami Beach, Florida 33140.

h.     The item described as "Autograph of Harav Michel Sheier, Av Beis Din of Mannheim and Rebbi of the Chasam Sofer."

i.      The item described as "Rabbi Akiva Eiger's Personal Copy of Maseches Megillah."

j.      The item described as "Responsa by the Ben Ish Chai Regarding Betrothing a Maiden under the Age of 12.   Large Booklet.   Baghdad, 1891."

k.      The item described as "Long Handwritten Kuntress by Harav Shlomo Zalman Auerbach: Practical Halachos Regarding Entry of Kohanim to Hospitals."

l.      The item described as "Kabbalistic Haggadah by the famed Kabbalist Harav Nosson Shapira, Author of Matzas Shimurim.   Italy, 18 century."

m.      The item described as "Seder Brachos - Order of Blessings for the whole year, with illumination and instructions.   Printed by members of the Guild of Silk-Weavers. Bologna, Italy 1537."

n.      The item described as "Autographed Teshuvah by Harav Shlomo Zalman Auerbach Regarding Eating the Afikoman."

<u>Substitute Assets Provision</u>

46.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section

2461(c), to seek forfeiture of any other property of the defendants up to the value of the above

forfeitable property.

> (Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

FOREPERSON
9/11/23

Damion Williams

DAMIAN WILLIAMS
United States Attorney