

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 7, 2024

The parties' sentencing submission deadlines are adjourned as follows:

- Defendant's submission shall be filed by June 14, 2024.
- The Government's submission shall be filed by June 21, 2024.

The Clerk of Court is directed to terminate ECF No. 308.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Date: June 8, 2024

**BY ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Martin Handler, et al.*, 23 Cr. 004 (JHR)

Dear Judge Rearden:

The Government writes in response to defendant Martin Handler's request of June 6, 2024 (ECF No. 308), for an adjustment of the Court's schedule for the parties to submit their respective sentencing memoranda. In particular, Handler requests that his deadline to submit a sentencing memorandum be adjourned from June 12, 2024, to June 14, 2024, without any corresponding adjournment of the Government's deadline (currently June 19, 2024) to file its own sentencing memorandum. While the Government has no objection to the Court adjourning the parties' respective deadlines by an equal number of days, the Government opposes the defendant's request that his deadline (but not the Government's) be adjourned.

The Court scheduled sentencing and set deadlines for the parties' sentencing submissions in open court on March 15, 2024. At that time, no party objected to the sentencing date or filing deadlines. Since then, Handler has raised substantial objections to the draft Presentence Report and "expect[s] there to be numerous factual disputes between the parties that bear on Martin's sentencing." (ECF No.308 at 1). Handler also expects that "both sides will need time to address the PSR's findings in detail." (*Id.*)

The Government respectfully submits that where, as here, the defendant expects to contest multiple assertions in the Presentence Report, reducing the amount of time for the Government to respond to those assertions is unwarranted and unwise. The Government has a duty to review those assertions with care, and to provide the Court at sentencing with "correct or missing information" whenever the Government "is aware that the court is about to impose sentence based on incomplete or inaccurate information." *United States v. Read*, 778 F.2d 1437, 1442 (9th Cir. 1985). The Court likewise must "assure itself that the information upon which it relies when fixing sentence is reliable and accurate." *United States v. Prescott*, 920 F.2d 139, 143 (2d Cir. 1990).

      Given the circumstances of this case, although the Government does not object to the Court adjourning Handler's deadline to file his sentencing memoranda, any adjournment of Handler's deadline should be accompanied by a corresponding adjournment of the Government's deadline.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

By: /s/ _____
      Catherine Ghosh
      Stephanie Simon
      Daniel H. Wolf
      Assistant United States Attorneys
      (212) 637-1114 / 2581 /2337

cc: All Counsel of Record