

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/21/2024
```

June 14, 2024

<u>VIA EMAIL (ReardenNYSDChambers@nysd.uscourts.gov)</u>

Honorable Jennifer H. Rearden
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007



Re:   *United States v. Martin Handler*, Case No. 23 Cr. 4 (JHR)
         <u>Letter Motion to Redact Exhibits A and B, Attached to NYCELC's June 10, 2024 Statement</u>

Dear Judge Rearden:

    This letter motion is submitted on behalf of New York City Early Learning Company, Inc. ("NYCELC"), an interested party in the above-styled proceeding. Pursuant to Rule 10 of Your Honor's Individual Rules and Practices in Criminal Cases, NYCELC seeks leave to file redacted versions of Exhibits A and B, which are annexed to NYCELC's statement regarding restitution, dated June 10, 2024.[1]

    The redactions include:

- Exhibit A: identifying information of individuals involved in the Government's investigation (though not charged or named in the Indictment).
- Exhibit B: employment information, financial information (including revenue sources), and identifying information of individuals involved in the Government's investigation (though not charged or named in the Indictment)

    NYCELC seeks leave to redact the foregoing information regarding individuals identified by the Government as part of its investigation into Mr. Handler's conduct, though never charged or named in the Indictment or Information.

    To be approved, redactions of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction and must otherwise be consistent with the presumption in favor of

---

[1] NYCELC also filed redacted versions of Exhibits C, E, and F. But those redactions do not require leave of Court. Exhibit C's redactions apply only to NYCELC's proprietary financial information and revenue sources, which fall within the categories of information requiring "caution" under the ECF Privacy Policy. Exhibits E's and F's redactions exclusively apply to the names of minor children, which is "sensitive information," and minor children's personal identifying numbers, which constitutes information requiring "caution" under the ECF Privacy Policy. Exhibits A through F were filed with redactions, pursuant to the Court's June 14, 2024 order. *See* ECF 322.

June 14, 2024
Page 2 of 2

public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Generally, the presumption is strong "when applied to documents that play a *central role* in 'determining litigants' substantive rights—conduct at the heart of Article III.'" *Mirlis v. Greer,* 952 F.3d 51, 60 (2d Cir. 2020) (citing *Amodeo II*, 71 F.3d at 1049) (emphasis added). By contrast, "[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) (quoting *Amodeo II* at 1050).

Here, the redactions are tangential to the merits of the conviction and only serve to protect individuals who have not been charged with a crime, but may be viewed as "guilty by association" based on these out-of-context documents. While the exhibits, as a whole, support NYCELC's status as a victim, the names of the individuals who may have benefited (directly or indirectly) from conduct investigated by the Government is not necessary to the substance of Mr. Handler's case. No function is served by making these individuals' identities known to the public. Thus, the weight of the presumption of access to the exhibits should be minimal. In sum, the privacy interests of the individuals redacted from the exhibits outweighs the public interest in disclosure. *See People v. Posey*, 85 A.D.2d 15, 17 (1982) (allowing redactions to "avoid the possibility of an inference of guilt by association.").

Accordingly, Plaintiffs respectfully request that NYCELC be permitted to file redacted versions of Exhibits A and B, which are annexed to NYCELC's statement regarding restitution, dated June 10, 2024.

Respectfully submitted,

*/s/ Eric Rosen*
Eric Rosen
Brianna K. Pierce
**DYNAMIS LLP**
261 Madison Avenue, 9th Floor
New York, New York 10016
Tel: (617) 802-9157
Email: erosen@dynamisllp.com
bpierce@dynamisllp.com

---

Application DENIED without prejudice to renewal.  As the Court previously held, "Exhibits A through F . . . are 'judicial documents,' and a presumption of public access applies."  ECF No. 320 at 3 (citing *Lugosch v. Pyramid Co. of Onodaga*, 435 F.3d 110, 124 (2d Cir. 2006)).  Some of the information NYCELC proposes to redact in Exhibits A and B, *see, e.g.,* Ex. A at 6-7; Ex. B at 6, 17, is "already publicly available" on the docket in this case.  *See United States v. Paduch*, No. 23 Crim. 181 (RA), 2024 WL 167198, at *2 (S.D.N.Y. Jan. 16, 2024) (denying sealing request where "the information in question [wa]s in the public domain"); *see id.* ("once '[t]he genie is out of the bottle,' courts do 'not [have] the means to put the genie back.'" (quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)) (modification in original)).

With respect to Exhibits C, E, and F, *see* n.1, NYCELC has failed to provide Chambers with copies "highlighting the information redacted in the ECF filing[s]."  Indiv. R. & Pracs. in Crim. Cases 10.C.iii.

By no later than **June 24, 2024**, NYCELC must (1) either file unsealed versions of Exhibits A and B on the docket or propose more narrowly tailored redactions, and (2) email copies of Exhibits C, E, and F highlighting the proposed redactions to Chambers.

The Clerk of Court is directed to terminate ECF No. 323.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: June 21, 2024