UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v.-

MARTIN HANDLER,

                Defendant.

---

23 Cr. 004 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

      Before the Court is the application of interested party New York City Early Learning Company, Inc. ("NYCELC") for restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. In connection with that application, the Court directed the Government to, *inter alia*, "clarify its position as to whether the U.S. Department of Health and Human Services ('HHS') is entitled to restitution pursuant to Section 3663A(a)(1) as a 'victim' or Section 3663A(a)(3) as a 'person[] other than the victim.'" ECF No. 446 at 1 (citations omitted). Upon review of the Government's submission (ECF No. 458) and NYCELC's response thereto (ECF No. 462), the Court has determined that additional information is needed. By **September 18, 2024**, the Government shall file a supplemental submission clarifying its position with respect to the following:

1. In evaluating the propriety of restitution awarded under § 3663A(a)(3), what showing, if any, must the Government make with respect to (a) the non-victim's entitlement to restitution, including the extent to which the non-victim allegedly was harmed, and (b) the amount of restitution to be awarded to the non-victim?

2. For purposes of awarding restitution to a non-victim under § 3663A(a)(3), does it matter that HHS's contracted-for services were, in fact, rendered by NYCELC? *Cf., e.g.*, *United States v. Cornier-Ortiz*, 361 F.3d 29, 41-42 (1st Cir. 2004) (holding that, despite the defendant's misapplication of federal funds, "[b]ecause the work for which

   the [] funds were disbursed was done, it would be an unfair windfall" to award restitution to government agency); ECF No. 290 at 5 n.3 (NYCELC representing that "[t]here is no dispute that NYCELC faithfully provided (and provided well) the child-care services that it was contractually obligated to provide").

3. The Government contends that Defendant M. Handler's "actions . . . were indisputably for the benefit of NYCELC." ECF No. 307 at 6; *see also* ECF No. 458 at 3-4. At his plea hearing, however, M. Handler allocuted that his conduct was "unrelated to the business of the corporation, and it violated company policy." ECF No. 246 at 45:3-4. How are these two positions to be reconciled?

4. Do the "exceptions that allow a court to change a defendant's restitution obligation post-judgment," ECF No. 382 at 6 (citing *United States v. Teeple*, No. 13 Cr. 339 (VEC), 2016 WL 1328939, at *2 (S.D.N.Y. Apr. 5, 2016)), specifically authorize the Court to sentence M. Handler without having identified all possible victims entitled to restitution in this case? *See United States v. Ramos*, 979 F.3d 994, 1003 (2d Cir. 2020) ("the Crime Victims' Rights Act expressly guarantees the right of victims . . . 'to be reasonably heard at any public proceeding in the district court involving . . . sentencing'" (quoting 18 U.S.C. § 3771(a)(4))); Fed. R. Crim. P. 32(i)(4)(B) ("Before imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard.").

In addition, by **September 18, 2024**, NYCELC shall submit a letter addressing the following:

1. NYCELC asserts that it should be deemed a victim for purposes of obtaining restitution under the MVRA from M. Handler. NYCELC shall explain why it has not taken that position with respect to any other Defendant involved with NYCELC. *See, e.g.*, ECF No. 290 at 3 (referring to Defendants Ben Werczberger and Charmane Wong).

2

Separately, based on all relevant submissions to date, the Court has concerns that NYCELC may have unclean hands and/or that it acted as an uncharged co-conspirator. In anticipation of a possible hearing on these matters, by **September 18, 2024**, the following information and materials shall be submitted to the Court:

1. NYCELC shall produce "its entire Head Start-related general ledger" previously provided to the Government. ECF No. 317 at 2 n.1.

2. NYCELC shall produce all materials requested by the Administration for Children and Families' Office of Head Start ("OHS")[1] in connection with OHS's "monitoring review of NYC Early Learning Company Inc. Head Start and Early Head Start programs," ECF No. 343-1 at 1; ECF No. 359-2 at 2,[2] including:

    a. "a copy of bank statements for all accounts in [NYCELC's] name[,] related bank reconciliations[,] . . . and other documentation related to [NYCELC's] accounts" from November 1, 2019 to March 1, 2023, including "copies of [issued] checks [and] . . . . canceled checks," ECF No. 343-1 at 5, 7, 9, 10; *see also* ECF No. 359-2 at 5, 6, 11, 13, 15;

    b. "detailed accounting records for [NYCELC] from November 1, 2019 to March 1, 2023," ECF No. 343-1 at 5; *see also* ECF No. 359-2 at 5, 6;

    c. "copies of [NYCELC's] Board meeting minutes from January 2019 to March 2023," ECF No. 343-1 at 9; *see also* ECF No. at 359-2 at 11;

    d. "evidence of ownership and changes in ownership in [NYCELC's] organization from January 2016 through March 2023," ECF No. 343-1 at 9;

---

[1] These materials are to include all applicable documentation (1) in NYCELC's name and, to the extent relevant, (2) in any name previously held by the entity and/or in the name of any predecessor (e.g., Beanstalk Academy, Brightside Academy).

[2] All citations to ECF Nos. 343-1 and 359-2 reflect the pagination in the documents' ECF-stamped headers.

        *see also* ECF No. at 359-2 at 11;

e. "copies of [NYCELC's] policies and procedures related to, amongst other things, conflict of interest in hiring and employment," ECF No. 343-1 at 9; *see also* ECF No. at 359-2 at 12;

f. any other documents and information produced to OHS, regardless of whether those materials fall into one of the above-enumerated categories; and

g. any other documents and information requested by OHS, regardless of whether those materials were ultimately produced to OHS.

3. NYCELC shall produce any communications regarding the items identified in paragraphs 1 and 2 immediately above (*supra* at pp. 3-4).

4. The Government shall identify the following individuals who worked for or were otherwise involved with NYCELC during the relevant period (other than the Defendants):

    a. any individuals who played a role in misapplying funds, including a description of their roles and any relevant documentary or other evidence; and

    b. any individuals who knew, or should have known, of the misapplication of funds at NYCELC by M. Handler and others, including any relevant documentary or other evidence.

5. Beyond the information and materials specified above, NYCELC and the Government shall submit any other evidence that bears on whether NYCELC had unclean hands and/or acted as an uncharged co-conspirator.

6. NYCELC and the Government may submit the foregoing materials via the Court's file-transfer system and USAfx, respectively. A link to the Court's file-transfer

4

system will be provided upon request to reardennysdchambers@nysd.uscourts.gov.

To the extent M. Handler wishes to produce any information or otherwise respond to this Order in whole or in part, he may do so.

SO ORDERED.

Dated: September 12, 2024
New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge