UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GRAND JURY SUBPOENAS DATED
JANUARY 11, 2023 AND JUNE 28, 2023

23 Cr. 004 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

  Defendants Martin Handler, Isidore Handler, Menachem Lieberman, Harold Schwartz, Ben Werczberger, and Arie Rangott were indicted for participating in schemes to defraud government-funded daycare programs, including non-profit daycare provider Project Social Care Head Start, Inc. ("PSCHS"). On October 23, 2023, the Government moved for an order directing PSCHS and its former legal counsel ("PSCHS's Former Counsel") to comply with grand jury subpoenas seeking records relating to two of those schemes.[1]

  In support of the motion, the Government submitted the Declaration of Catherine Ghosh, which attached several exhibits. On January 26, 2024, the Government filed a letter supplementing its arguments. The Court denied the Government's motion, without prejudice to renewal, on May 24, 2024. On June 10, 2024, the Government renewed its motion and submitted the Declaration of FBI Special Agent John Hubbard. The Court granted the Government's motion on June 28, 2024, with additional reasoning to follow. On August 25, 2025, the Court issued an opinion setting forth the context and bases for its ruling and directed

---

[1] At the request of the Government, the motion and all orders and submissions associated with it were filed under seal and without notice to the Defendants. All submissions from October 23, 2023 to June 28, 2024 were filed with notice to Anthony Proscia, Esq. of Kaufman Dolowich Voluck (counsel for PSCHS's Former Counsel) and a presumed representative of PSCHS. Neither individual took a position or otherwise responded to the motion. "The [G]overnment's *ex parte* submission[s] w[ere] appropriate where, as here, [they] w[ere] necessary in order to protect grand jury secrecy." *S.E.C. v. Beacon Hill Asset Mgmt. LLC*, No. 02 CIV. 8855 (LAK), 2004 WL 367673 at *1 (S.D.N.Y. Feb. 25, 2004) (citing *In re Doe*, 711 F.2d 1187, 1194 (2d Cir.1983)).

the Government to submit a letter addressing why its motion to compel, the Court's August 25, 2025 Opinion & Order, and all other orders and submissions associated with the motion should remain under seal and without notice to the Defendants. On August 28, 2025, the Government submitted a letter stating that it had no objection to the Court unsealing the briefing and orders in this matter, subject to appropriate, narrowly tailored redactions. That same day, the Court ordered the Government to submit its proposed redactions by September 4, 2025, which the Government timely provided.

The Court finds that the Government's proposed redactions are narrowly tailored to uphold recognized privacy interests and the perpetual secrecy requirements of grand jury matters, which in this case outweigh the public's presumption of access to the redacted information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120, 124 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1049-51 (2d Cir. 1995); Fed. R. Crim. P. 6(e)(6) ("Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."). Subject to these redactions, the Court unseals the Government's motion and all related orders and submissions.

It is hereby ORDERED that, by no later than **September 15, 2025**, the Government shall file on the public docket versions of its October 23, 2023, January 26, 2024, June 10, 2024, and August 28, 2025 submissions that incorporate the approved redactions. Thereafter the Court will file its May 24, 2024 Order, June 28, 2024 Order, August 25, 2025 Opinion & Order, and August 28, 2025 Order on the docket reflecting those redactions.

SO ORDERED.

Dated: September 12, 2025
New York, New York

_Jennifer H. Rearden_
JENNIFER H. REARDEN
United States District Judge